IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darnell Middleton, | ) | CASE NO.: 2:25-cv-04428-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | Non-Jury Trial |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, complaining of Defendant, alleges and says:

## **PARTIES**

1. Darnell Middleton is and was at all times mentioned herein a citizen and resident of the State of South Carolina.

2. Upon information and belief, Defendant, by and through the United States Postal Service (USPS), a federal agency of Defendant, did and still does conduct postal service activities in Charleston, South Carolina.

## **JURISDICTION**

3. The Court has subject-matter jurisdiction over the claims in this lawsuit.

4. The Court has personal jurisdiction over Defendant.

5. Prior to filing this lawsuit, Standard Form 95's were delivered and received by the United States Postal Service on behalf of Plaintiff. Six months have passed and the USPS did not respond to the claim.

## **VENUE**

6. Venue is proper.

## FACTS

7. On or about July 26, 2024, Plaintiff was the operator of a 2017 Lincoln motor vehicle that was traveling in a southerly direction along or about Savannah Highway in Charleston, South Carolina.

8. At the time and place aforementioned, Defendant, by and through their employee, agent or servant, R. Anthony Acobe, acting within the course and scope of their employment with the USPS, was the operator of a 2003 motor vehicle and attempted to re-enter the roadway to travel in a southerly direction along or about Savannah Highway in Charleston, South Carolina.

9. At the time and place aforementioned, Defendant failed to yield the right-of-way and suddenly, and without warning, cut in front of Plaintiff's vehicle, and thereby caused Plaintiff to strike Defendant's vehicle; thereby causing a collision and injuring Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### (Negligence, Gross Negligence)

10. Plaintiff incorporates all allegations of paragraphs above into this cause of action as if set forth verbatim.

11. That the injuries and damages complained of herein were directly and proximately caused by the following negligent, careless, reckless, willful, and grossly negligent acts of Defendant all in violation of the statutes and common laws of the State of South Carolina, combining and concurring:

   (a) In failing to maintain a proper lookout, in violation of the common law duty to do so under *Yaun v. Baldridge*, 243 S.C. 414, 419 (1964);
   (b) In failing to keep a motor vehicle under proper control, in violation of the common law duty to do so under *Yaun v. Baldridge*, 243 S.C. 414, 419 (1964);
   (c) In failing to properly observe the road and traffic conditions;

| | |
|---|---|
| (d) | In failing to yield the right-of-way to a vehicle approaching on the roadway to be entered, in violation of S.C. Code Ann. § 56-5-2350; |
| (e) | In operating a motor vehicle in a manner so as to create a dangerous situation for other vehicles on the roadway in which injury was a natural, probable, foreseeable, and expected consequence; |
| (f) | In operating a motor vehicle while distracted; |
| (g) | In disregarding the actual and present hazards that were existing on the roadway, in violation of S.C. Code Ann. § 56-5-1520; |
| (h) | In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing; |
| (i) | In operating a motor vehicle without having the same equipped with safe and adequate breaks, or if so equipped, in failing and omitting to utilize same, or to take any precautions whatsoever to avoid colliding with Plaintiff; |
| (j) | In failing to properly train, hire and/or supervise; |
| (k) | In negligently entrusting a dangerous instrumentality; |
| (l) | In being vicariously liable for the acts or omissions of their employee, agent or servant; |
| (m) | In otherwise being negligent, reckless, and careless; and |
| (n) | For such other acts and omissions that may become more apparent through the discovery and/or trial of this matter. |

12. That as a result of the aforesaid negligent, grossly negligent, careless, willful, and reckless acts, Plaintiff has been injured and damaged. Plaintiff has, is and will in the future continue to suffer from the following, including but not limited to: pain and suffering; medical expenses; trauma; loss of enjoyment of life; lost wages; permanent impairment; annoyance, inconvenience, travel and other damages - all to his injury and damage in an amount of actual damages to be determined at the trial of this action.

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendant on all causes of action and that Plaintiff be awarded: actual damages; non-jury trial; the costs of this action; and such other and further relief as the Court may deem just and proper.

[Signature on Following Page]

                        URICCHIO, HOWE, KRELL, JACOBSON, TOPOREK & KEITH, P.A.

                        <u>s/Matthew T. Reitz</u>
                        Matthew T. Reitz, Fed ID: 14066
                        matt@uricchio.com
                        Carl H. Jacobson, Fed ID: 2059
                        carl@uricchio.com
                        Post Office Box 399
                        Charleston, South Carolina 29402
                        Tel: (843) 723-7491; Fax: (843) 577-4179
                        Attorneys for Plaintiff

May 22, 2025
Charleston, South Carolina